UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BRIAN OLIVER,**

*Plaintiff*,

v.                                                                      **Case No. SA-23-CV-0072-JKP-HJB**

**TOWER SEMICONDUCTOR,**

*Defendant*.

<u>**ORDER DENYING MOTION TO DISMISS**</u>

Before the Court is a *Motion to Dismiss* (ECF No. 13) filed by Defendant Tower Semi-conductor. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant argues that Plaintiff filed this action outside the ninety-day period for filing it. It relies on an Advisory to the Court (ECF No. 8) in which Plaintiff states that he "did not file on time" because of his mother's death and other family issues. It contends that "Plaintiff received a Notice of Right to Sue from the EEOC on October 21, 2022 warning him that he had to file a lawsuit within ninety days," to comply with the applicable filing deadline imposed by federal law. The Court finds no need for a response from Plaintiff. After considering all relevant information, the Court **DENIES** the motion.

"To prevail on a motion to dismiss an ordinary claim under Fed. R. Civ. P. 12(b)(6)," the defendant "must show" that the plaintiff  is unable to satisfy the applicable standard for stating a claim under Fed. R. Civ. P. 8(a). *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (discussing standard applied prior to *Twombly*). "This means that, despite the natural focus on the allegations of the operative pleading, the movant has the burden on a motion to dismiss under Rule 12(b)(6)." *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the con-

tents of the pleadings, including attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). But when a pleading refers to documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss. *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Defendant relies on an advisory filed by Plaintiff after filing his complaint. This reliance prompts 'an obvious threshold question that often arises' in the context of a motion to dismiss, i.e., whether the attachment constitutes a matter 'outside the pleadings' for purposes of Fed. R. Civ. P. 12(d)." *O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *3 (W.D. Tex. Mar. 3, 2020) (quoting *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007)). Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

If the Court concludes that the attachment is a matter outside the pleadings and does not exclude it, Rule 12(d) mandates that the Court treat the motion to dismiss as one for summary judgment. But the decision to accept or reject a proffered matter outside the pleadings is within the court's "complete discretion." *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193-94 & n.3 (5th Cir. 1988).

In this instance, the Court declines to decide whether the filed advisory constitutes a matter outside the pleadings. Defendant relies on a limitations defense for its motion to dismiss. But it makes a mathematical miscalculation of the ninety-day period. Using October 21, 2022, as the date Plaintiff received his right-to-sue letter, he had until January 19, 2023, to file a complaint. That Plaintiff advised the Court that he filed this action untimely is not controlling when a simple

2

calculation of the ninety days reveals the fallacy of the statement. Thus, even if the Court were to consider the advisory, it would make no difference to the outcome of this motion. Further, Defendant's contention that Plaintiff filed this action ninety-one days after he received the right-to-sue notice on October 21, 2022, likewise does not carry Defendant's burden on a motion to dismiss when an accurate ninety-day calculation shows that Plaintiff had until January 19, 2023, to file his complaint.

The Court does note that Defendant also states that "Plaintiff has further failed to allege any facts sufficient to establish a mere possibility of wrongdoing, which is insufficient as a matter of law to state a claim." *See* ECF No. 13 at 4. To the extent this brief statement attempts to seek dismissal on grounds other than untimeliness, the Court finds it insufficient to carry Defendant's burden to support dismissal under Rule 12(b)(6). Other than untimeliness, Defendant presents no basis for its motion to dismiss, and the Court will not further assess whether Plaintiff's claims fail under Rule 12(b)(6). Invocation of Rule 12(b)(6) places the burden on the movant to show that dismissal is warranted.

For the foregoing reasons, the Court **DENIES** the *Motion to Dismiss* (ECF No. 13) filed by Defendant Tower Semiconductor. This denial does not preclude Defendant from filing another motion to dismiss if it deems such a motion warranted under the circumstances. In accordance with Fed. R. Civ. P. 12(a)(4)(A), Defendant must file an answer or otherwise respond to Plaintiff's complaint within fourteen days of the date of this order. **The Clerk of Court shall mail Plaintiff a copy of this order.**

**IT IS SO ORDERED this 5th day of April 2023.**

**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**